NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0748n.06

No. 15-3284

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 13, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DASHUN CLARK, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

OPINION

BEFORE: SILER, GIBBONS, and ROGERS, Circuit Judges.

PER CURIAM. Dashun Clark appeals the 180-month sentence imposed following his guilty plea to a charge of being a felon in possession of a firearm.

The district court sentenced Clark as an armed career criminal under 18 U.S.C. § 924(e) because he had three prior convictions of violent felonies or serious drug offenses. Specifically, Clark had been convicted of conspiracy to distribute cocaine base, aggravated burglary, and failure to comply with an order of a police officer. Clark argued that the latter conviction should not count as a violent felony, but the district court concluded that it did, relying on *United States v. Hockenberry*, 730 F.3d 645, 670-71 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1044 (2014). Accordingly, the district court sentenced Clark to the mandatory minimum sentence of 180 months.

Clark reasserts his argument on appeal, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the "residual clause" of § 924(e) is unconstitutionally vague. The

government concedes that *Johnson* controls and that the sentence must be vacated and the case remanded for resentencing to a prison term no greater than 120 months.

Under *Johnson*, Clark's conviction of failure to comply with an order of a police officer does not qualify as a predicate offense under the Armed Career Criminal Act. Accordingly, we vacate Clark's sentence and remand the case to the district court for resentencing in light of *Johnson.*